# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
    )
    )
    )
v.     )     Cr. ID. No. 9408012457
    )
    )
JOHN A. TAYLOR     )
    )
    Defendant.     )

Submitted: July 29, 2019
Decided: August 15, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SEVENTH MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILIY DISMISSED

Martin B. O'Connor, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

John A. Taylor, Howard R. Young Correctional Institution, Wilmington, Delaware.

**MAYER,** Commissioner

This 15th day of August, 2019, upon consideration of Defendant's Seventh Motion for Postconviction Relief, and the record in this matter, the following is my Report and Recommendation:

## **REPORT AND RECOMMENDATION**

On January 22, 1996, a jury found John A. Taylor ("Defendant") guilty of several offenses. Since then, Defendant has appealed his conviction, filed six (6) motions for postconviction relief, a petition for a writ of habeas corpus, a petition for a writ of mandamus, and pursued several other motions seeking various forms of relief. Defendant's six motions for postconviction relief set forth the same claims or attempted to re-characterize the same arguments. Defendant now presents his Seventh Motion for Postconviction Relief (the "Seventh Motion") that once again, presents the same claims. Defendant argues he received ineffective assistance of counsel because his constitutional rights were violated when the preliminary hearing was waived, because he was not formally arraigned, and because his conviction was barred by the principles of double jeopardy. Although less than clear, Defendant also appears to be arguing that the Superior Court lacked jurisdiction.

The Court must first determine whether there are any procedural bars to the motion before considering the merits of the claims.[1] Defendant's claims were

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

2

initially rejected by this Court's Order Denying Defendant's (First) Motion for Postconviction Relief.[2] In subsequent decisions, it was noted that Defendant's motions were subject to summary dismissal because he raised the same claims, repackaged the same arguments, and the motions were repetitive and serial filings.[3] Defendant's attempts to appeal the denial and dismissal of the motions have likewise failed.[4]

After having considered the extensive record in this matter, it is evident that Defendant's Seventh Motion is procedurally barred. Defendant's Seventh Motion is untimely; to the extent the bases for relief were not asserted in the proceedings leading to the judgment of conviction, the claims are deemed waived; and, because the same arguments have now been presented by way of multiple motions, the claims are barred as formerly adjudicated.[5] Defendant's attempts to evade the procedural bars are unavailing. Defendant has not plead with particularity that new evidence exists that creates a strong presumption of innocence, nor has he cited a new rule of

---

[2]  D.I. # 72.

[3]  *See* D.I. #s 94, 106, 109, 118, 121, 134, 138, 143.

[4]  *See* D.I. #s 83, 84, 101, 115, 127, 141. Defendant also failed to obtain relief from the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

[5]  *See* Super. Ct. Crim. R. 61(i)(1); (i)(2); (i)(3); and (i)(4).

constitutional law made retroactive to his case.[6] Finally, Defendant's argument that this Court lacks subject matter jurisdiction is not only inaccurate, but was also adjudicated by way of the previous motions. Defendant's Seventh Motion is procedurally barred and it is hereby recommended that the Court summarily dismiss the Seventh Motion.[7]

In light of Defendant's excessive and serial filings, it is also recommended that Defendant be prohibited from filing any further motions for postconviction relief unless he first obtains permission from the Court.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief, should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: Raymond M. Radulski, Esquire
John A. Taylor (00311518)

---

[6] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

[7] Super. Ct. Crim. R. 61(d)(5).

4